UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRYL EDWARDS,

                Plaintiff,

v.                                        Case No. 22-cv-1455-pp

JANE DOE, *et al.*,

                Defendants.

**ORDER GRANTING DEFENDANT MILWAUKEE COUNTY'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 40), GRANTING DEFENDANT WELLPATH'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 45), GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE (DKT. NO. 49) AND DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Darryl Edwards, who is incarcerated at Stanley Correctional Institution and is representing himself, filed this case alleging that the defendants violated his civil rights when he was confined at the Milwaukee County Jail. The court screened the second amended complaint and allowed the plaintiff to proceed on a medical care claim under the Fourteenth Amendment against defendants Milwaukee County and WellPath based on allegations that because of jail policy, he was given ineffective medication for his UTIs. Dkt. No. 34 at 1, 3. The court also allowed the plaintiff to proceed on medical care claims against the Doe defendants.[1] Id. On July 29, 2024,

---

[1] The scheduling order set a deadline of August 26, 2024 for the plaintiff to identify the Doe defendants, warning that if he did not identify them by that deadline, they might be dismissed. Dkt. No. 39. The plaintiff has not identified the Doe defendants and they are subject to dismissal with prejudice. However,

defendants Milwaukee County and WellPath, who are represented by separate counsel, each filed a motion for summary judgment on exhaustion grounds. Dkt. Nos. 40, 45. On August 26, 2024, the plaintiff filed a motion to dismiss the case without prejudice under Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004), because he believes he may not have fully exhausted his administrative remedies. Dkt. No. 49.

## I. Defendants' Motions for Summary Judgment, Dkt. Nos. 40, 45

### A. Facts

During the relevant period, if an occupant wished to make a formal complaint at the Milwaukee County Jail concerning health, welfare, facility operations, inmate services, or to address an issue of oppression or misconduct by an employee (collectively, a "grievance"), the occupant was required to document and submit the grievance by following the grievance process (described below). Dkt. No. 41 at ¶3. The grievance process is set out in the Milwaukee County Jail Occupant Handbook. Id. at ¶4. The handbook is available to occupants in three ways: 1) electronically by logging into one of two kiosks located on each housing unit in the jail wherein the plaintiff resided; 2) via hard copy posted in a central location on the wall of each housing unit for quick and easy access by the occupants residing therein; and 3) electronically by accessing the jail-issued tablets. Id. at ¶5.

---

because the plaintiff filed a motion to dismiss the case without prejudice, the court will deem the Doe defendants dismissed based on the plaintiff's motion.

The plaintiff had a tablet during his incarceration and confirmed receipt of the handbook on the tablet as early as July 15, 2022. Id. at ¶6. During the relevant period, Milwaukee County contracted with a third-party vendor, Wellpath LLC, to provide medical treatment and care for its occupants. Id. at ¶7. At the relevant times, the grievance process consistently required that: (1) the occupant use the kiosk to submit any grievance and appeals; (2) the jail and Wellpath staff respond to the grievances and enter decisions in response to appeals through the kiosk; and (3) the two-level appeal was available. Id. at ¶8.

To start the grievance process, an occupant was required to submit a grievance through the kiosk by logging in and following the prompts on the screen for grievances. Id. at ¶9. Once an occupant submitted the grievance, it was assigned a request number and placed in a queue within Request Manager—the staff system with which the kiosks communicate—and it cannot be removed or deleted from either system. Id. at ¶10. Occupant grievances about policies and procedures at the jail are reviewed by the special projects team. Id. at ¶11. Occupant grievances about any healthcare issue, including mental health, are reviewed, investigated and responded to by Wellpath staff using the electronic kiosk system; the jail staff does not have the right to access occupants' healthcare records. Id. at ¶12. Jail officers and lieutenants are trained and will assist occupants with the grievance process upon request. Id. at ¶13.

During the plaintiff's one year of incarceration in the jail, he submitted five grievances. Id. at ¶14. He did not file a grievance about any policy, practice

or procedure by Milwaukee County that allegedly permitted Wellpath to provide inadequate or delayed medical care to persons in its care. Id. at ¶15. The plaintiff filed no grievance having as its subject an alleged policy, practice or procedure of Milwaukee County concerning Wellpath's prescribing or distribution of medications to occupants in the Jail. Id. at ¶16. For the five grievances that the plaintiff submitted, he did not fully exhaust by submitting a first and second-level appeal, as the jail rules require. Dkt. No. 41 at ¶¶4, 8.

B. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

C. Discussion

The Prison Litigation Reform Act (PLRA) states that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires

4

that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The undisputed facts show that the plaintiff did not submit a grievance related to his claims against Milwaukee County and WellPath. Of the five grievances he submitted during his time at the jail, the plaintiff did not fully exhaust any of them by submitting a second-level appeal. The plaintiff has not exhausted his administrative remedies. The court will grant the defendants' motions for summary judgment on exhaustion grounds. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (all dismissals on exhaustion grounds

5

should be without prejudice). The court also will grant the plaintiff's motion to dismiss this case without prejudice.

## II. Conclusion

The court **GRANTS** the defendants' motions for summary judgment. Dkt. No. 40, 45.

The court **GRANTS** the plaintiff's motion to dismiss without prejudice. Dkt. No. 49.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the

full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of August, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
